Richardson-, J.
delivered the opinion of the Court.
This case is decided by the decision of this Court in the case of the State v. Patrick O’Sullivan. In that case the defendant had been refused a license to retail spirituous liquors, by the commissioners of the roads, because they had resolved to grant no licenses whatever. But the defendant continuing to retail was convicted, and the Court dismissed his appeal, because the granting or refusing the license was at the discretion of the commissioners.
But the verdict in the present instance, would seem to call for explanatory observation. As to the law arising out of the City Ordinance, it is difficult to expound it more clearly than was done in the Judge’s charge; we cannot, therefore, but adopt his exposition as our own. It is equally difficult to imagine a case supported by clearer evidence, to convict the defendant.
The defendant, in fact, avows his retailing, past, present, and to come; and places his justification for disregarding the ordinance, upon the refusal of the City Council to grant a license to so good a man ; and at a place, so proper, that such a license had been formerly freely allowed. But this view seems blind to the inference, which is equally plain,— that assumptions and reasoning carry their own refutation.
For legally and civilly speaking, who is a good man? The answer is as familiar and established, as the question is old and important in orderly society. “ Vir. bonus est quis ?” “ Qui consulta p atrium, qui leges juraque servat.”
He is the good man who faithfully serves the constitution of his country, and obeys her laws and ordinances — not so the defendant. He would put the law openly at defiance. Away then goes the first branch of the bold argument, that led the jury astray. And the argument assumed from the supposed fitness of the place, follows after it. Because prac *358 tical experience — and such experience is the best test, and ieast fallacious 0f all tests, in directing human judgment, had taught the City Council, that the Theatre is an improper place for retailing intoxicating liquors ; and they, accordingly, refused any license for such a place. I would ask what exercise of the discretionary power, belonging to the council, can be placed on a better footing of reason than such experience ? The defendant has certainly been very candid, and it is to be regretted that the council may, possibly, if another application be made, presume to add another reason for their refusal of a license to the man; who would make bis own will and personal interest supersede both their judicial discretion and the law. In no view, then, can be ascribed to the defence any merits beyond its candour in error and boldness of argument. Juries seldom go wrong in their verdicts, upon plain law and full evidence. But when they do so, this Court must refer back such cases to their reconsideration, without prejudice assuredly.
A new trial is, therefore, ordered.
The whole Court concurred.

Motion granted.